## WILKINSON v WILKINSON

Ohio Appeals, 9th Dist, Summit Co

No 2998. Decided March 8, 1938

James Matz, Akron, and Brouse, McDowell, May & Bierce, Akron, for appellant.

James Olds, Akron, for appellee.

## OPINION

By STEVENS, PJ.

The action filed in the trial court was, in part, one seeking to enjoin the enforcement of a judgment for alimony, which judgment was rendered in an action for divorce and alimony brought by defendant herein against plaintiff herein.

It was claimed that said judgment was obtained by the perpetration of a fraud upon the court and upon this plaintiff.

Relief in this action was denied by the trial court, and appeal upon questions of law brings the cause before this court for consideration.

The facts, as disclosed by the record, are there: Prior to September 27, 1927, plaintiff and defendant, who were husband and wife, separated and were living apart. On said date, the parties met in the office of P. J Patton, an attorney at law representing the wife; the husband was not represented by counsel. Discussion was had between the parties and said attorney, which resulted in the preparation and execution of an agreement providing for the custody and support of the minor children of the parties, and the turning over to the wife, in lieu of alimony, of all of the husband's equity in their home at 517 Seaman avenue, Akron, Ohio, which was all of the property owned by the parties. The signed original of said agreement was not produced in evidence, but a copy thereof is attached to the record, which this court feels was sufficiently identified to warrant the conclusion that it is an exact copy of the original agreement. On said day a quit-claim deed was executed and delivered by the husband to the wife, which deed was not recorded. The wife then signed her petition for divorce and for a "suitable award" of permanent alimony, "from said property," which petition was subsequently filed.

Thereafter service was had upon the defendant, and, in reliance upon the understanding reached between the parties, defendant did not appear and defend said divorce and alimony action.

The decree in the divorce suit, which is the subject of this action, was entered January 6, 1928, by the terms of which a judgment against this plaintiff for $3,500 alimony was rendered, and he was also ordered to pay $20 a week for the support of said minor children, although the agreement of the parties provided for the payment of only $10 a week.

Motion to modify said award was filed February 23, 1928, and on March 30, 1928, the amount of support to be paid for said minor children was reduced by the court to $15 a week, but no order with reference to the judgment for $3500 alimony was made.

Since that time nothing apparently has been done concerning said judgment, until the institution of the instant case.

In connection with actions in equity to enjoin the enforcement of judgments at law, it is stated in **16 O. Jur., Equity, §102:**

"* * * The universal rule is that the ground of relief in equity, after judgment at law or decree in chancery, must consist of extrinsic matter outside of, and collateral to, what was, or could have been, tried and determined in the first action or suit.

* * * The mistake which will induce a court of equity to relieve against a judgment must be a mistake of fact, not of law. Where the defendant in the legal proceeding relied upon an agreement or understanding with his adversary, in consequence of which he did not present his claim or defense, the taking of judgment in violation thereof is treated as a fraud, and the enforcement of the judgment will be enjoined * * *."

See also—**McEntire v McEntire, 107 Oh St, 510.**

In the instant case, the parties having agreed between themselves on the matter of alimony, and the decree of the court being silent upon the subject of said agreement, the entry of a judgment against plaintiff in contravention of the provisions of said agreement, without notice thereof to plaintiff prior to the entry of said judgment, accomplished the perpetration of a fraud upon plaintiff against which equity will grant relief.

This is especially true where, as in the instant case, there is no denial by the defendant in her testimony of the facts asserted by plaintiff.

It is claimed, however, that the right to maintain this action is barred by the statute of limitations.

This being an action in equity, the statute of limitations which might be applied in an action at law is not here strictly applicable. The rule has been stated as follows:

"In cases of which courts of equity, and courts of law, have concurrent jurisdiction, the former act in **obedience** to statutes of limitation; but in cases of which equity has exclusive jurisdiction, they act only in **analogy** to them."

**Longworth v Hunt,** 11 Oh St 194, at p. 201, quoted with approval in **Seeds v Seeds,** 116 Oh St 144, at p. 153.

The instant case is of the latter class.

There is another rule, however, which is announced in 21 C. J., Equity, §212, at p. 214:

"The doctrine" (laches) "cannot be invoked to defeat justice; and it will be applied only where the enforcement of the right asserted would work injustice."

In this case we find that the defendant has perpetrated a fraud upon plaintiff, and it   illy becomes her,  .he wrongdoer, to urge the imposition of extreme vigilance and promptitude as conditions to the exercise of the equitable rights of plaintiff.

Application of the doctrine of laches, under the facts presented by this record, would but aid the defendant ▮▮▮▮▮ in reaping the benefits of her own fradulent conduct. Under such circumstances, the doctrine will not be applied.

Finding from the record that an unconscionable advantage has been taken of plaintiff by defendant in the entry of the judgment for alimony, contrary to the provisions of the agreement of the parties, and without notice to defendant, we reverse the judgment of the trial court.

. And this court, proceeding now to render the judgment which the evidence required the trial court to enter, orders that a permanent injunction issue against defendant as prayed for in the petition.

. Judgment reversed and final judgment for the plaintiff.

WASHBURN, J, and DOYLE, J, concur in judgment.